Opinion of the Court, by
Ch. J. Bibb.
THE following matters are assigned for error: 1st. That the recognizance was acknowledged to the Commonwealth. 2d. That it does not appear that Leeper, the principal, was called, and required to surrender himself, before the recognizance was put in suit. 3d. That a court, by the style and title set forth in the writ of scire facias, and composed as therein set forth, had no authority to take a recognizance. 4th. That the cir *103 cuit court erred in sustaining the demurrer to the plea of the defendant, James Leeper.
It seems not necessary to call the principal, prior to forfeiting his recognizance
A recognizance previously entered into, cannot be pleaded in bar of another recognizance
It is the opinion of the court, that the recognizance is well taken to the Commonwealth of Kentucky. Upon the second point, we are of opinion, that it was not necessary to call the principal, Leeper. He was bound in a sum certain, to be discharged by his appearance, according to the condition. It was incumbent on him to appear, and have his appearance recorded, as a discharge of the recognizance; otherwise, the condition was forfeited as to him. That he did not appear, was a negative which the commonwealth was not bound to prove; but the record exhibits proof of it, as far as it is capable of proof; for the proclamation against the securities, warning them to bring in the body of the principal, is recorded, as well as their default in that respect.
The third objection, is founded upon the omission to state in the caption of the recognizance, or rather, in the style and titling of the record of the proceedings of the examining court, (for the whole proceedings are set out,) that the five justices named were the senior justices, or those called in, if any, to supply the absence of some of the senior justices. But we think, the objection cannot be of any avail. The record is, of proceedings at “a court called and held for the county of Nicholas, for the examination of John Leeper, charged with feloniously stealing,” &c. “present, Alexander Blair,” &c. We are bound to notice, judicially, the statute requiring and authorising courts to be called and held, in such cases; and the presumption must attach, that the court held was lawfully constituted.
The plea adjudged ill on demurrer, is this: To a recognizance acknowledged on the eleventh of December, 1806, conditioned for the appearance of Leeper, on the first day of the next March term of the Nicholas circuit court, before the judges of the said court, then and there to answer the charge of felony, &c. the defendant, James Leeper, pleaded, that the said John Leeper, the principal, acknowledged a recognizance on the sixth day of said December, before the examining court of Harrison county, conditioned for his appearance before the Harrison circuit court, on the first day of their next March term, then and there to answer a charge of felony, &c.; which recognizance was in full *104 force, and the obligations thereof unimpaired, at the time of acknowledging the recognizance of the 11th of said December, &c.
It is not necessary to enquire how the sureties should have proceeded, so as to save the condition of their recognizance, in case the principal had been taken into actual custody of the proper officers of the court, after the acknowledgment of the recognizance, and detained in actual custody beyond the appearance day named in the condition. The appearance day of the recognizance to which he has pleaded, preceded the appearance day of the last recognizance, as much as the first Monday in March precedes the fourth Monday; but the plea contains no averment that the principal was surrendered in discharge of the first recognizance; much less, that he was detained in actual custody beyond the appearance day of the second recognizance. The plea, therefore, has no merits; it is but the pleading of one recognizance in bar of another, which is no better than pleading a debt due upon one consideration, in bar of a debt due by the same person upon another consideration. It is clear, that being let to bail for one felony, is no bar to being let to bail upon another charge of felony; therefore, it seems equally clear, that the one recognizance can be no bar or satisfaction of the other; and the plea contains no excuse whatever, for the default.
Judgment affirmed with damages and costs.